**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DISTRICT at COVINGTON**
**CASE NO. 2:10-cv-0051-DLB-JGW**

*ELECTRONICALLY FILED*

RICHARD WESLEY                                              PLAINTIFF

v.

ALISON CAMPBELL, ET. AL.                                    DEFENDANTS

**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Comes now the Plaintiff, through counsel, and moves this Court, pursuant to FRCP 15(a) for Leave to file his Amended Complaint. In support of his motion Plaintiff states as follows:

**BRIEF OUTLINE OF RELEVANT FACTS**

This case involves false sexual abuse allegations made by a seven year old boy against Plaintiff Rick Wesley, who was, when the allegations were made, employed as a Counselor at 6th District Elementary School. The charges against Mr. Wesley were "substantiated" by Defendant Social Worker Alison Campbell on March 19, 2009 and Mr. Wesley was then fired from his job at 6th District School. Nearly 10 months after "Substantiating" this abuse, Defendant Cabinet for Health and Family Services (Cabinet) withdrew its substantiation finding without presenting any evidence supporting its finding.

Plaintiff has alleged, among other claims, that he was terminated from his job at 6th District because of the failure of Campbell to properly investigate the allegations (including violation of her statutory duty to interview Plaintiff and other collateral sources) and because of the Cabinet's failure to properly train or supervise Campbell. Mr. Wesley was also criminally

charged by Defendant Joanne Rigney but the criminal charge and subsequent dismissal are not relevant to this motion.

## MOTION TO ADD ADDITIONAL JOHN DOE DEFENDANT

Plaintiff originally planned to address the Cabinet's training and supervisory issues that contributed to this tragic result by naming the Cabinet in his complaint. Plaintiff anticipates that the Cabinet and Campbell, in her official capacity, will be dismissed based upon Sovereign Immunity. Plaintiff specifically moves for leave to amend his Complaint to include John Doe Defendant(s) Individually. This person or persons are defined as the individual or individuals employed by the Kentucky Cabinet for Health and Family Services responsible for the training, and/or supervision of Defendant Alison Campbell as well as the person responsible for the supervision of the ongoing disposition of the sexual abuse claim against Richard Wesley.

In order to address all relevant issues to Plaintiff's Complaint these Defendant(s) must be added. At this early stage of the litigation, Plaintiff has limited knowledge as to the reasons that this tragic event occurred. Plaintiff has no idea why Campbell would violate her own regulations and fail to interview Mr. Wesley before deciding to set in motion a chain of events certain to destroy Wesley's life. Plaintiff has no idea what level of supervision the Cabinet exercised over Campbell (if any) or even the name of her supervisor. Did the Cabinet factor in to its Substantiation decision that J.S. had been institutionalized for two weeks of psychological therapy in his short life and that he had been removed from his mother's care because of Dependency Neglect and Abuse? Did Campbell's Supervisor discuss this with her?

The aftermath of this case also cries out for explanation. When it was so obvious to Kenton County Prosecutor Stefanie Kastnor and a Kenton County Grand Jury that there lacked

even probable cause that the abuse occurred, why did the Cabinet continue to refuse to change its finding of abuse (supposedly based upon the more strict "preponderance of the evidence standard) and attempt to stonewall Mr. Wesley's efforts to correct the Cabinet's mistake and clear his name. Why didn't they help him do that? Was the Cabinet merely grossly negligent or was it malicious? At what point can the Cabinet be held accountable for its actions? Not only would the Plaintiff benefit from the answers to these questions but certainly our community would benefit if mistakes made within this case were addressed so they don't happen again.

Plaintiff specifically moves the Court to substitute the John Doe Defendant(s) in place of the Cabinet as mentioned in Plaintiff's Complaint Count II (numerical paragraphs 88, 89, 91, 92, 94, and 95); Plaintiff's Complaint Count IV (numerical paragraphs 103, and 104); and to be included as "all defendants" in Counts VII and VIII (numerical paragraphs 112 through 116).

## PARAGRAPH 64 OF PLAINTIFF'S COMPLAINT

Plaintiff has alleged in his Complaint that he was placed on administrative leave on February 5, 2009 (the day the allegation was made) (Complaint: Paragraph 25). Plaintiff has also alleged that as a direct and proximate result of Campbell's and the Cabinet's conduct he lost his job. (Complaint: Paragraphs 95, 104, and 107.) Plaintiff also stated in his Complaint that, "On April 30, 2009, the same day that Plaintiff was arrested and jailed, Lynda Jackson, Superintendent of Covington Schools, mailed a letter to the Plaintiff claiming that 'a reduction in funding' necessitated his termination as Counselor at 6th District." (Complaint: Paragraph 64 and Plaintiff's Exhibit 1).

It has become apparent that Defendants Campbell (in her official capacity), the Cabinet, and Dr. Anthony Ross have seized upon this "reduction in funding" language to claim that

Plaintiff was actually terminated because of a reduction in funding and not because of the sexual abuse allegations. (Campbell and Cabinet's MTD pp. 13, Ross MTD pp. 1,2). Plaintiff did receive the correspondence referenced above but does not believe he was fired because of a "reduction in funding". Plaintiff merely included that specific correspondence in his Complaint in order to indicate the disingenuous nature of the way he was treated by the school throughout this ordeal (hence the quotation marks surrounding the phrase "reduction in funding" in the Complaint).

Since the Complaint was filed, Plaintiff has located correspondence from Ken Ellis, Executive Director of Personnel and Administration of Covington Independent Public Schools, from March 24, 2009 and March 25, 2009. These letters are attached hereto as Plaintiff's Exhibits 2 and 3 and make clear that "after receiving the Child Protection Services Substantiated Investigative Notification Letter", Mr. Wesley was terminated from his employment with 6th District, effective March 23, 2009. Most interestingly and revealingly the March 25, 2009 letter states that "Given the serious nature of **the offenses**, it also my recommendation, and the Superintendent's decision, to suspend you without pay during the ten calendar day period that is reserved for your appeal."

Mr. Ellis did not write "allegations" or "alleged offenses", he suspended Wesley immediately on February 5, 2009, then fired him on March 25, 2009, and then just to be clear, he fired him again on March 25, 2009 (this time throwing in the "no pay during the appeal time language"). Finally, (perhaps after consultation with school board attorneys) Superintendent Linda Jackson sent out the "reduction in funding" letter of April 30, 2009.

In order to avoid repeated reference by the Defendants that Wesley was terminated for

any reason other than The "Substantiated Abuse" Letter from Campbell, Plaintiff moves to amend Paragraph 64 of his Complaint as follows:

64. After receiving the March 19, 2009 "Substantiated Abuse" letter from Campbell, on March 24, 2009, and again on March 25, 2009 Executive Director or Personnel and Administration of Covington Independent Public Schools terminated the Plaintiff from his employment with 6th District based upon the charge of "misconduct".

The current paragraph 64 should be deleted from the Complaint.

Finally, Plaintiff moves to amend paragraph 102 to include the allegation that he lost his job as a result of Campbell's conduct. That omission was by mistake.

>Respectfully submitted,
>
>s/Paul J. Hill
>Paul J. Hill **(84563)**
>231 Scott St. Suite 1A
>Covington, Ky. 41011
>(859) 491-8889
>(859) 491-5544 Fax
>Pauljhillesquire@aol.com
>Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I, Paul J. Hill, hereby certify that on the 6th day of May, 2010 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to:

D. Brent Irvin Esq.
Deputy General Counsel
Attorney for Cabinet for Health and Family Services
Office of Legal Services
275 East Main St. 5W-B
Frankfort, Ky. 40621
Brent.Irvin@ky.gov

And

Suzanne Cassidy, Esq.
25 Crestview Hills Mall Rd.  Suite 201
P.O. Box 17411
Crestview Hills, Ky.  41017
Attorney for Dr. Anthony Ross
And

Frank Warnock, Esq.
Fwarnock@Covingtonky.gov
Attorney for Joanne Rigney

                                            **s/ Paul J. Hill**
                                            Paul J. Hill, Esq.

Case: 2:10-cv-00051-DLB-JGW   Doc #: 12   Filed: 05/06/10   Page: 7 of 7 - Page ID#: 116