UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DISTRICT at COVINGTON
CASE NO. 2:10-cv-0051-DLB-JGW

**RICHARD WESLEY**                                                                              **PLAINTIFF**

**v.**

**ALISON CAMPBELL, ET. AL.**                                                      **DEFENDANTS**

### PLAINTIFF'S RESPONSE TO DEFENDANTS' CABINET FOR FAMILIES AND CHILDREN AND ALISON CAMPBELL IN HER OFFICIAL CAPACITY'S JOINT MOTION TO DISMISS FOR LACK OF JURIDICTION AND JOINT MOTION TO DISMISS ON THE MERITS UNDER FRCP 12 (b) (6)

Plaintiff Richard Wesley, through counsel hereby files his response in opposition to the Defendants Cabinet for Families and Children (hereinafter Cabinet) and Alison Campbell's joint motion to dismiss for lack of jurisdiction and on the merits. Defendants' motion must be **GRANTED IN PART AND DENIED IN PART** on the grounds contained within the attached memorandum.

Respectfully submitted,

s/Paul J. Hill_____

Paul J. Hill **(84563)**
231 Scott St. Suite 1A
Covington, Ky.  41011
(859) 491-8889
(859) 491-5544 Fax
Pauljhillesquire@aol.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

  I, Paul J. Hill, hereby certify that on the 7th day of May, 2010 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to:

D. Brent Irvin Esq.
Deputy General Counsel
Attorney for Cabinet for Health and Family Services
Office of Legal Services
275 East Main St. 5W-B
Frankfort, Ky. 40621
Brent.Irvin@ky.gov

And

Suzanne Cassidy, Esq.
25 Crestview Hills Mall Rd. Suite 201
P.O. Box 17411
Crestview Hills, Ky. 41017
Attorney for Dr. Anthony Ross
And

Frank Warnock, Esq.
Fwarnock@Covingtonky.gov
Attorney for Joanne Rigney

                **s/ Paul J. Hill**
                Paul J. Hill, Esq.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO STATE DEFENDANTS'
JOINT MOTION TO DISMISS**

The Plaintiff, Richard Wesley, by and through counsel, and for his response to Defendants' motion for Summary Judgment states as follows:

**I.   STATEMENT OF THE FACTS**

Plaintiff Richard Wesley was, at the time of the events described herein, a 45 year old man who was employed as a Counselor at 6th District Elementary School in Covington, Kentucky. He had previously obtained his Masters Degree in Social Work from the University of Cincinnati and had devoted the majority of his adult life to working with and helping troubled children. He was hired to work at 6th District on a part time basis during the 2007-08 school year and was hired full time for the 2008-09 school year as Counselor. His job as counselor required him to interact with children from Pre-K through fifth grade and help them with problems they were experiencing in any aspect of their lives.

On February 5, 2009, J.S., a seven year old boy, was having a rather significant problem. Another teacher observed J.S. attempting to suffocate himself by stuffing wristbands into his nose and mouth. Wesley was aware that J.S. had rather significant family problems at home that were manifested through increasingly bizarre behavior at school. J.S. had spent two weeks in the Psychological Wing at Mercy Hospital in 2008 and it is believed that he had been removed from his home by motion of the Cabinet because of dependency, neglect, or abuse. Prior to the February 5, 2009 episode, Wesley had previously attempted to set up appointments at NorthKey Community Care in the hope that J.S. might be evaluated, diagnosed, and treated. On each of these occasions, J.S.'s mother, M.S., failed to take him to the appointment.

The February 5, 2009 incident was concerning to the degree that Wesley called M.S. and

insisted that he would either take J.S. to the appointment at NorthKey himself or would follow her to make sure she brought him this time. Just before J.S. left with his mother in a cab headed to Northkey, Wesley told J.S. that it was important to tell the Counselor everything that was happening to him, including everything at home. Wesley followed the cab in his car for the short drive to NorthKey. Upon arriving at NorthKey, M.S., busted out of the car saying, "I know what you told J.S." and "You are going to lose your job". Wesley learned later that day, that M.S. had claimed that J.S. alleged that Wesley had sexually abused and sodomized him. He was told to go home from his job that same day by Dr. Ross, the Principal at 6th District.

    This set in motion the series of events that are the subject matter of this lawsuit. Defendant Campbell "investigated' the case and "substantiated the abuse" without conducting an interview with Wesley. On March 19, 2009, Campbell, on behalf of the Defendant Cabinet for Health and Family Services (the Cabinet) mailed her "Substantiated Investigation Notification Letter" to Dr. Ross. Based upon that letter from Campbell, Wesley was terminated from his job at 6th District by two letters (dated March 25 and March 26, 2009) mailed to Wesley by 6th District Director of Personnel and Administration, Ken Ellis. Wesley appealed the Substantiated Abuse finding and that finding was ultimately voluntarily changed to "unsubstantiated" by the Cabinet at the Administrative Appeal hearing conducted on January 11, 2010. At that hearing, The Cabinet did not call one witness to support or explain its handling of this case.

    Wesley was also criminally charged and arrested. His criminal case ended when a Kenton County Grand Jury determined that the case lacked probable cause for an indictment. Plaintiff has also alleged that Dr. Ross unlawfully disseminated the report of the alleged abuse. Neither the criminal charge nor the unlawful dissemination are the subject of this motion.

## 2. DEFENDANTS' MOTION

The Cabinet and Campbell in her official capacity (State Defendants) have moved to dismiss all of Plaintiff's claims against them based upon Sovereign Immunity. Going farther, the State Defendants have moved to dismiss the entirety of Plaintiff's Complaint on the merits of the case. Despite the fact that he does not represent any of these Defendants, Counsel for the State Defendants has also moved to dismiss Plaintiff's claims made against Defendant Alison Campbell individually (who he does not represent), Covington Police Officer Joanne Rigney, both individually and in her official capacity (who he does not represent), and 6th District School Principal Anthony Ross, both individually and in his official capacity (who he does not represent). Counsel for the State Defendants has done this because he contends that it would be a more "straightforward" way to resolve the entire controversy and this would "promote judicial efficiency". Plaintiff submits that, while it certainly would be "straightforward" and "efficient" to dismiss the entirety of Plaintiff's Complaint prior to permitting him to complete **any** discovery, it would also be fundamentally unfair and contrary to established law to do so.

## A. SOVEREIGN IMMUNITY.

Plaintiff concedes that he is unable at this time to contest the State Defendants' Sovereign Immunity defense and has notified counsel for state Defendants that he will agree that the Cabinet and Defendant Campbell in her official capacity should be dismissed. Plaintiff has filed a motion to amend his Complaint to include a claim against a John Doe defendant defined as a person employed by the Cabinet and responsible for the supervision of Campbell as well as the person in charge of the disposition of the Cabinet's case against the Plaintiff. By doing so Plaintiff will be able to address through discovery the training and/or supervisory issues within

the Cabinet that may have led to this result.

### B. MOTION TO DISMISS PURSUANT TO 12(b)(6).

When analyzing the sufficiency of a complaint, it is well settled that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Courts shall construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein. Lillard v. Shelby County Bd. Of Education, 76 F.3d 716, 724 (6th Cir.1996). Plaintiff has sufficiently pled all of his claims as follows.

### COUNT I:

Plaintiff has alleged that Covington Police officer Defendant Joanne Rigney, acting under the color of state law, either intentionally included false information or intentionally excluded relevant information in her affidavit requesting a warrant for Plaintiff's arrest. Plaintiff has alleged that if Rigney would have included the relevant information or not included the false information or both, the warrant would have been lacking in probable cause and would not have been signed. As a direct result of Rigney's conduct, Plaintiff was deprived of his constitutional right to be free from an unlawful arrest. When an affidavit contains false statements or material omissions, the question becomes whether the corrected affidavit, minus its false statement or omissions is sufficient to establish probable cause. Mckinley v. City of Mansfield, 404 F.3d 418, 444-445 (6th Cir. 2005). Plaintiff has properly alleged a violation of 42 U.S.C. Section 1983 culminating in his wrongful arrest.

**COUNT II:**

Plaintiff's Count II claims a violation of his Due process right as guaranteed under the 14th Amendment. Since the Cabinet is going to be dismissed based upon Sovereign Immunity, Plaintiff will address Campbell's conduct in response to the motion to dismiss. The state defendants have correctly stated the law in regard to this analysis. The Court must first decide what property interest has been interfered with and then examine whether procedures attendant upon that deprivation were constitutionally sufficient. (MTD p.12).

**a. Plaintiff lost "property"**

State Defendants have alleged that Plaintiff "did not lose any property" and therefore can not satisfy the first prong of this test. Besides the obvious damage to his reputation and the stigma attached to being labeled a "child abuser", Plaintiff has sufficiently pled that he was hired to work on a full time basis at 6th District for the "school year that commenced in August 2008" (Complaint Par. 10). Plaintiff was terminated from that position effective March 23. (Plaintiff's exhibit 1 attached hereto and also see Plaintiff's motion to amend complaint). Plaintiff has specifically pled that he lost his job as a result of Campbell's conduct. (Complaint par. 93 and 95). An employee enjoys a property interest in his or her employment for the duration of a fixed-term employment contract. Bailey v. Floyd County Bd. Of Educ. By and Through Towler, 106 F.3d 135, 143 (6th Cir. 1997) citing Ramsey v. Whitley County Board of Education, 844 F.2d 1268, 1274 (6th Cir.1988). Since Plaintiff was fired from his job prior to the expiration of the school year his "property interest" was "interfered with" due to Campbell's Conduct. As such Plaintiff has sufficiently satisfied the first prong of the test.

**b. Wesley received "no process".**

On the morning of February 5, 2009, Rick Wesley was happily employed at 6th District. His job as a counselor for children was the only job that he ever wanted to perform. He had obtained his Masters Degree in the field of Social Work and had been nominated for a national award for his work and had been featured in the local newspaper for the way he had been able to help children. He had a contract with 6th District for the 2008-2009 school year and had been promised to be hired back the following year.

Approximately six weeks later, Wesley was fired from his job (on March 23, 2010) and labeled a child sex abuser. Rick would tell you that he would rather have been charged with murder. He tried, but was denied the opportunity to address these allegations. Prior to Campbell's "Substantiated abuse" finding of March 19, 2009, he had not been able to confront or even learn of the specific allegations made against him. He has **never** been able to view the tape of J.S. in which the allegations against him were supposedly made. The administrative hearing that Wesley received was conducted more than 11 months after the allegations were made (on January 11, 2010) and it was only then that the Cabinet "voluntarily" changed the abuse allegation to "unsubstantiated". Unfortunately, the damage had already been done to Wesley.

In this Circuit a § 1983 plaintiff may prevail on a procedural due process claim by either (1) demonstrating that he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a "random and unauthorized act" and that available state remedies would not adequately compensate for the loss. Maceone v. MJW, Inc., 951 F.2d 700, 706 (6th Cir. 1991). Due process is a flexible concept that generally requires some type of hearing prior to a state's deprivation of an individual's liberty or property. Id. Citing Zinermon v. Burch, 494 U.S. 113

(1985).

At this early stage of the proceedings Plaintiff has not been able to conduct any discovery and is therefore at a significant disadvantage in being forced to determine which of the two possible theories of recovery is appropriate in this case.  Plaintiff has no idea whether conduct of Campbell was "random and unauthorized" or if her behavior was consistent with a "state procedure that itself violates due process rights".  There is, however, no doubt that Plaintiff was fired and accused of having sexually abused a child without any hearing at all.

Plaintiff submits that he has sufficiently pled a due process violation resulting in the loss of his property.  After conducting discovery, Plaintiff will be able to more specifically address these issues.

**COUNT III.**

Plaintiff has alleged that Campbell violated 922 KAR 1:330, Section 7 (2) ©, and (d) by failing to interview Wesley as well as other "collateral sources".  This is a Kentucky administrative Regulation that establishes duties for social workers investigating allegations of abuse in a school setting.  Interviewing Wesley, therefore, was a "ministerial" as opposed to a "discretionary" act.  Because Campbell failed to interview Wesley she is not entitled to Qualified Immunity.  The wrongful performance of a ministerial act can subject a public officer or employee to liability for damages.  Yanero v. Davis, 65 S.W.3d 510, 523 (Ky. 2001).  Plaintiff has properly pled a claim for damages in this Count.

**COUNT IV.**

Plaintiff's Count IV is against the Cabinet herein is going to be dismissed based upon Sovereign Immunity.

**COUNT V.**

Plaintiff has alleged that both Rigney and Campbell conducted a grossly negligent investigation into the allegations that were made against Wesley and that their investigation rose to the level of bad faith. Although, the state defendants have alleged in their motion that Rigney and Campbell owed no duty to Wesley (MTD 20-23), Rigney has admitted in her Answer that "she has a duty to conduct an investigation that complies with the guidelines of the Covington P.D. and Kentucky law". (Rigney Answer par. 24). To argue that Campbell did not owe a similar duty is ludicrous. Again, at this early stage of the case, Plaintiff is only aware that Campbell did not interview him and that the result she reached was outrageous. Discovery will shed light on other aspects of her investigation that were negligent. This Count was sufficiently pled and should not be dismissed.

**COUNT VI** .

This claim is against Anthony Ross who has filed his own motion to dismiss.

**COUNT VII.**

Plaintiff has properly pled the elements necessary for a claim of Outrageous Conduct. Upon conducting discovery, Plaintiff will be able to address the specific conduct (besides failing to interview him) that caused Campbell's conduct to qualify as "outrageous".

**3. CONCLUSION:**

For the foregoing reasons, Defendants Cabinet for Health and Family Services and Alison Campbell in her official capacity as a Social Service Worker with the Kentucky Cabinet for Health and Family Services should be dismissed from the Lawsuit pursuant to Sovereign Immunity. The Balance of this motion should be Denied.

Respectfully submitted,

**s/Paul J. Hill**
Paul J. Hill **(84563)**
231 Scott St. Suite 1A
Covington, Ky.  41011
(859) 491-8889
(859) 491-5544 Fax
Pauljhillesquire@aol.com
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I, Paul J. Hill, hereby certify that on the 7th day of May, 2010 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to:

D.  Brent Irvin Esq.
Deputy General Counsel
Attorney for Cabinet for Health and Family Services
Office of Legal Services
275 East Main St. 5W-B
Frankfort, Ky.  40621
Brent.Irvin@ky.gov

And

Suzanne Cassidy, Esq.
25 Crestview Hills Mall Rd.  Suite 201
P.O. Box 17411
Crestview Hills, Ky.  41017

Attorney for Dr. Anthony Ross
And

Frank Warnock, Esq.
Fwarnock@Covingtonky.gov
Attorney for Joanne Rigney

                                          **s/ Paul J. Hill**
                                          Paul J. Hill, Esq.